CASE NO. 23-13375

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

_____

## PATRICIA JACKSON

Appellant,

v.

## THE KROGER COMPANY,

Appellee.

_____

On Appeal from the United States District Court
Northern District of Georgia
No. 1:23-cv-2328-TWT

_____
_____

## BRIEF OF APPELLANT

_____
_____

Robert Kenner Jr.
THE BARRISTER BUILDING
3992 Redan Road
Stone Mountain, Georgia 30083-4741
(404) 292-9997 Office
(404) 292-9998 Fax

Erin Shantelle Coleman
3400 Chapel Hill Road Suite 219
Douglasville, Georgia 30135
(470) 856-2766 Office
(678) 436-8845 Fax
Attorneys for Appellant

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT-FORM A

The undersigned counsel for the Appellant certifies pursuant to Rule 26.1, F.R.A.P., and Eleventh Circuit Rule 26.1-1 through 26.1-3, that the following persons, and no other to the knowledge of the undersigned, have an interest in the outcome of this case:

1. Patricia Jackson

2. Erin Shantelle Coleman

3. Robert Kenner, Jr.

4. Bianca W. Calloway

5. Matthew G. Moffett

6. Sarah Raquel L. Lisle

7. Alexander D. Perwich III

8. Gray, Rust, St. Amand, Moffett & Bruske, L.L.P.

9. The Kroger Company

/s/ Robert Kenner, Jr.

## STATEMENT REGARDING ORAL ARGUMENT FRAP 34(a) AND (f) 11 CIR. R. 34-3(c)

Appellant, Patricia Jackson ("Mrs. Jackson"), respectfully request oral argument. This is an appeal of the lower court's ruling granting Appellee, The Kroger Company's ("Kroger") motion to dismiss Mrs. Jackson's personal injury claims pursuant to O.C.G.A. § 9-11-12(b)(2) and 9-11-12(b)(5). The claims in this appeal arise from Mrs. Jackson's slip and fall at a Kroger store located at 3035 Centerville Highway, Snellville, Georgia 3009. Mrs. Jackson's lawsuit was filed in the State Court of Gwinnett County but removed by Kroger to the Atlanta Division of the United States District Court for the Northern District of Georgia. Prior to the removal of Mrs. Jackson's case to federal court, Kroger filed a motion to dismiss and supporting brief.

This appeal raises several significant and important legal questions. First, whether Georgia state law or federal law applies to service of process on a defendant for a lawsuit originally filed by a plaintiff in state court but removed by defendant to federal court prior to service being perfected on the defendant. Second, whether it is an abuse of discretion for a district court to dismiss a federal lawsuit with prejudice based on lack of timely service of process in state court. Third, whether it is an abuse of discretion for a district court to deny a request from a plaintiff for a dismissal without prejudice to allow plaintiff to cure any issues with perfecting service on a defendant.

Oral argument will assist this Court in exploring the legal and factual issues surrounding the district court's analysis and findings, including the conflict between district courts in the application of Georgia and federal law, and the district court's interpretation of Georgia law and federal law regarding service of process for an action removed to federal court.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ...................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ............................................ iii

TABLE OF CONTENTS ........................................................................................ v

TABLE OF AUTHORITIES .............................................................................. vii

STATEMENT OF SUBJECT MATTER AND APPELLATE
JURISDICTION..................................................................................................... x

STATEMENT OF THE ISSUES............................................................................ xi

STATEMENT OF CASE ....................................................................................... 1
    A. Course of Proceedings and Disposition in the Court Below ..................... 1
    B. Statement of the Facts ............................................................................... 3
    C. Standard of Review ................................................................................... 3
SUMMARY OF THE ARGUMENT ..................................................................... 4
ARGUMENT .......................................................................................................... 4

    **A.** The District Court Erred In Its Interpretation That Georgia State Law
    Applied To Service of Process Instead Of Federal Law For A Lawsuit
    Removed From State Court To Federal Court Prior to Service of Process
    On Defendant……………………………………………………………….4

        1. This Court Should Reject The Reasoning And Holding Of Johnson
        v. Am. Meter Co. And Its Application By The District Court To The
        Facts and Circumstances of Mrs. Jackson's Claims………………6

    **B.** The District Court Abused Its Discretion By Granting Kroger's Motion To
    Dismiss Mrs. Jackson's Lawsuit With Prejudice For Failure To Perfect
    Service On Kroger…………………………………………………………….7

        1. A Dismissal With Prejudice Is An Extreme Sanction That Must Be
        Based On Evidence Of Willful Delay……………………………...8

**C.** The District Court Abused Its Discretion By Denying Mrs. Jackson's Request For A Dismissal Without Prejudice And Refusing To Even Consider The Merits or Basis Of This Request…………………………9

    1. The District Court Failed To Exercise Any Discretion By Refusing To Consider The Equities Of Mrs. Jackson's Request For A Voluntary Dismissal Without Prejudice…………………………13

CONCLUSION ......…………………………………………………………16

CERTIFICATE OF COMPLIANCE …………………………………………..18

CERTIFICATE OF SERVICE ...…………………………………………19

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Albra v. Advan, Inc.*,
  490 F.3d 826 (11th Cir. 2007)……………………………………………….. 3

*Betty K Agencies LTD v. M/V Monada,*
  432 F.3d 1333 (11th Cir. 2005)……………………………………………… 8, 9

*Cruz v. Walmart Stores East, LP*,
  2023 U.S. Dist. LEXIS 14382 * (M.D. Fla. Jan. 27, 2023)…………………….. 5

*Durham v. Florida East Coast Ry. Co.*,
  385 F.2d 366 (5th Cir. 1967)…………………………………………….... 11

*Effs v. City of Miami*,
  2021 U.S. App. LEXIS 38188 * (11th Cir. 2021)…………………………..... 4, 5, 9

*Erie R.R. Co. v. Thompkins*,
  304 U.S. 64 (1983)……………………………………………………………… 6

*Gilbert v. City of Pine Lake*,
  *2022 U.S. App. LEXIS 10643* (11th Cir. 2022)………………………………... 3

*Hobbs v. Arthur Dinkins*,
  264 Ga. 359 (1994)…………………………………………………………. 14, 15, 16

*Jackson v. Warden, FCC Coleman-USP*, 2
  59 F. App'x. 181 (11th Cir. 2007)……………………………………….... …....8

*Johnson v. Am. Meter Co.,*
  412 F. Supp. 2d 1260 (N.D. Ga. 2004)………..…………………………………… 5

*Kotzen v. Levine,*
  *678 F.2d 140 (11th Cir. 1982)*………………………………………………… 11, 12

*Lepone-Dempsey v. Carroll County Comm'rs*,
  476 F.3d 1277 (11th Cir. 2007)……………………………………………... 8

*Manhattan Constr. Co. v. Phillips*,
  2012 U.S. Dist. LEXIS 202884 * (11th Cir. 2012)…………………………... 3, 13

*Marker v. Wal-Mart Stores East, LP.*,
  2007 U.S. Dist. LEXIS 105434 * (N.D. Ga. June 4, 2007),…………………..... 6

*McCants v. Ford Motor Co., Inc.*,
  781 F.2d 855 (11th Cir. 1986)………………………………………….. 13, 14

*McGinley v. Houston*,
  361 F.3d 1328, 1331 (11th Cir. 2004)…………………………………….... 7

*Newton v. Duke Energy Fla., LLC*,
  895 F.3d 1270 (11th Cir. 2018)………………… …………………………... 10

*Pontenberg v. Boston Scientific Corp.*,
  252 F.3d 1253 (11th Cir. 2001)…………………… ………………... 11, 12, 13

*Reynolds v. Behrman Cap., IV L.P.*,
  988 F.3d 1314, 1323 (11th Cir. 2021)………………………….………… 5

*Tillman v. Georgia*,
  466 F. Supp. 2d 1311 (S.D. Ga. 2006)……………………………………… 6

## **Statutes**

28 U.S.C. §1331……………………………………………………………... x

28 U.S.C. § 1343(a)(3)…………………………………………………… x

28 U.S.C.A. § 1448……………………………………………………… 5

O.C.G.A. § 9-2-61…………………………………………...14, 15, 16

O.C.G.A. § 9-11-12…………………………………………………iii

O.C.G.A. § 9-11-41…………………………………..……... ...16

## <u>Rules</u>

Fed. R. Civ. P. 4 ………………………………………...…………. xi, 4, 6, 7, 8

Fed. R. Civ. P. 7………………………………………………………………….. 11

Fed. R. Civ. P. 41 ………………...……………… xi, 3, 4, 9, 10, 11, 12, 13, 14, 16

Fed. R. Civ. P. 81 ……………………………………………….…………….. 5

Fed. R. App. P. 32……………………………..…………………………………... 18

## <u>STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION</u>

This is an appeal of a district court's *Order and Opinion* (Doc. 24) granting Kroger's motion to dismiss, which resulted in a *Judgment* (Doc. 25) being entered by the clerk dismissing Mrs. Jackson's lawsuit. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 1343(a)(3).

## STATEMENT OF THE ISSUES

Whether the district court erred and abused its discretion in granting Kroger's motion to dismiss on the following grounds: (1) by rejecting Mrs. Jackson's evidence of proper and timely service pursuant to Rule 4 of the Federal Rules of Civil Procedure; (2) by failing to dismiss Mrs. Jackson's lawsuit without prejudice; and (3) by rejecting Mrs. Jackson's request for a voluntary dismissal without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure to allow Mrs. Jackson to cure any issues with perfecting service on Kroger.

## STATEMENT OF THE CASE

### A. Course of Proceedings and Disposition in the Court Below

Mrs. Jackson's personal injury lawsuit was originally filed in the State Court of Gwinnett County on April 24, 2023. (Doc. 1-2).  At the time her lawsuit was filed, Mrs. Jackson was represented by Bianca W. Calloway.  *Id.*

#### 1. Proceedings in Gwinnet State Court

On May 23, 2023, Kroger filed a motion to dismiss in Gwinnett State Court, alleging the statute of limitations expired on Mrs. Jackson's claims on May 2, 2023, without service of process being perfected upon Kroger.  (Doc. 3).  Also on May 23, 2023, Ms. Calloway filed a motion to withdraw as counsel for Mrs. Jackson. (Doc. 4).

#### 2. Proceedings in Federal Court

On May 24, 2023, Kroger filed a notice of removal of Mrs. Jackson claim to the Atlanta Division of the United States District Court for the Northern District of Georgia.  (Doc. 1).  On May 31, 2023, Kroger was served with a Gwinnet County state court summons and complaint. (Doc. 6). On June 7, 2023, the district court granted Ms. Calloway's motion to withdraw as counsel, prior to any ruling or responsive pleading being filed on behalf of Mrs. Jackson to Kroger's motion to dismiss.  (Doc. 5). On July 11, 2023, Robert Kenner, Jr. entered an appearance on behalf of Mrs. Jackson. (Doc. 15).

### 3. **Affidavits of Service Filed in State and Federal Court**

On June 1, 2023, Mrs. Jackson filed an affidavit of service in Gwinnett County State Court regarding the service of Kroger on May 31, 2023. (Doc. 6). On June 15, 2023, Mrs. Jackson filed the same affidavit of service in the district court. (Doc. 6). On July 10, 2023, Mrs. Jackson served Kroger with a federal summons and complaint. (Doc. 18). On July 11, 2023, Mrs. Jackson filed in the district court an affidavit attesting to the service of the federal summons and complaint upon Kroger. (Doc 16).

### 4. **Request for Dismissal Without Prejudice.**

Following the withdrawal of Ms. Calloway, and after his entry of appearance on behalf of Mrs. Jackson, Mr. Kenner attempted to obtain a stipulation from Kroger for a dismissal without prejudice, to allow Mrs. Jackson to cure any issues with perfecting service upon Kroger. (Doc. 17, Page 6, n. 1). On June 30, 2023, during a conference call with Kroger's counsel, Mr. Kenner requested a stipulation to allow Mrs. Jackson to obtain a voluntary dismissal without prejudice and was advised by Kroger's counsel that a response to this request would be provided on July 3, 2023. *Id.* However, Kroger's counsel never responded to this request by July 3, 2023, which led Mr. Kenner to send a follow-up email to Kroger's counsel on July 5, 2023, where he again requested Kroger's position on a stipulation to a voluntary dismissal. On July 11, 2023, Mrs. Jackson responded to Kroger's motion to dismiss. (Doc. 17).

2

**B. <u>Statement of Facts</u>**

Mrs. Jackson is a 69-year-old retiree, who while shopping at a Kroger grocery store in Snellville, slipped and fell on a foreign substance on the floor while walking and pushing her buggy towards the checkout counter. As a result of her fall, Mrs. Jackson injured her right knee, which required significant and costly medical treatment to include a total knee replacement. Mrs. Jackson is still undergoing medical treatment for her knee jury and has medical expenses that currently total approximately $152,000.00.

**C. <u>Standard of Review</u>**

This Court must review the district court's grant of Kroger's motion to dismiss Mrs. Jackson's lawsuit, with prejudice, for insufficient service of process by applying a *de novo* standard to the law. <u>See</u> *Gilbert v. City of Pine Lake*, *2022 U.S. App. LEXIS 10643, at \*1* (11th Cir. 2022). Questions of law, such as the district court's decision to apply Georgia state law regarding service of process instead of Fed. R. Civ. P. 4, are also reviewed de novo. <u>See</u> *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). The district court's decision denying Mrs. Jackson's request for a dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), must be reviewed by this Court based on an abuse of discretion standard. <u>See</u> *Manhattan Constr. Co. v. Phillips*, 2012 U.S. Dist. LEXIS 202884 \* (11th Cir. 2012).

3

## SUMMARY OF THE ARGUMENT

The district court erred in its interpretation that Georgia state law applied regarding service of process instead of Rule 4 of the Federal Rules of Civil Procedure, where Mrs. Jackson's lawsuit was originally filed in Georgia state court but removed by Kroger to federal court prior to service being perfected. The district court also erred by dismissing Mrs. Jackson lawsuit with prejudice based on lack of service of process. Further, the district court erred by refusing to grant Mrs. Jackson's request pursuant to Federal Rule of Civil Procedure 41(a)(2) for a dismissal with prejudice to allow her to cure any issues with perfecting service on Kroger.

## ARGUMENT

A. **The District Court Erred in its Interpretation that Georgia State Law Applied to Service of Process Instead of Federal Law for a Lawsuit Removed from State Court to Federal Court Prior to Service of Process on Defendant.**

In the Eleventh Circuit, when a case is removed to federal court, federal law governs matters of procedure relating to personal jurisdiction and service of process, according to *Effs v. City of Miami*, 2021 U.S. App. LEXIS 38188 * (11th Cir. 2021). Because Mrs. Jackson's case involves a lawsuit that was filed in state court and removed by Kroger to federal court, the district court erred by not considering or

relying on federal law concerning service of process, as argued by Mrs. Jackson in her opposition to Kroger's motion to dismiss.

> When a case has been removed from state court to federal court, in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process service proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court. See 28 U.S.C.A. § 1448. Furthermore, once a case is removed to federal court, federal law governs matters of procedure related to personal jurisdiction and service of process. See *Effs v. City of Miami*, No. 21-11672, 2021 WL 6116643, at *4 (11th Cir. Dec. 27, 2021).

(Doc. 17, Page 3); see also *Cruz v. Walmart Stores East, LP*, 2023 U.S. Dist. LEXIS 14382 (M.D. Fla. Jan. 27, 2023) (citing *Effs* and *Reynolds v. Behrman Cap., IV L.P.*, 988 F.3d 1314, 1323 (11th Cir. 2021).

In *Reynolds*, the Eleventh Circuit addressed the jurisdiction of a federal court after a removal from state court, reiterating that based on Supreme Court precedent, "once a case has been removed from state court to federal court, federal law 'govern[s] the mode of procedure." *Reynolds*, 988 F.3d at 1323. As explained in *Reynolds*, the Federal Rules of Civil Procedure, pursuant to Rule 81(c) "apply to a civil action after it is removed from a state court." *Id.* As the

Here, the district court, however, relying on another district court's decision in *Johnson v. Am. Meter Co.*, 412 F. Supp. 2d 1260, 1263 (N.D. Ga. 2004), adopted Kroger's argument that based on the holding in *Johnson* that "Georgia law concerning the timeliness of service of process, not federal law, shall be applied in

determining whether a plaintiff has complied with the relevant statute of limitations." (Doc. 24, Page 3).

     1. **This Court Should Reject The Reasoning And Holding Of** *Johnson v. Am. Meter Co.* **And Its Application By The District Court To The Facts and Circumstances of Mrs. Jackson's Claims.**

In *Marker v. Wal-Mart Stores East, LP.*, 2007 U.S. Dist. LEXIS 105434 * (N.D. Ga. June 4, 2007), the district court addressed "the conflict between Georgia's 'five-days-or-reasonable diligence' scheme and Rule 4." *Id.* at *3. Specifically, in *Marker,* quoting extensively from *Tillman v. Georgia*, 466 F. Supp. 2d 1311, 1314-22 (S.D. Ga. 2006), the district court explained the "problem that arises when a state claim is heard in federal court, and a state practice the court is urged to apply conflicts with the normal practice of the federal court." *Id.* at *4 (quoting from *Erie R.R. Co. v. Thompkins*, 304 U.S. 64 (1983)).

> Although "Walker allows the states latitude to create additional hurdles for a plaintiff to set an end date on statutes of limitations, those hurdles are preempted in federal court to the extent they directly collide with congressional enactments like the 120-day limit." *Id. at 1322*. Thus, "when a federal rule is directly on point, state service requirements which are an integral part of the state statute of limitations should not control." *Id*. (emphasis omitted). In reaching that conclusion, Judge Edenfield relied on the Supreme Court's holding in *Henderson* that the 120 days provided in *Rule 4(m)* is an "irreducible allowance." *Id*. Applying the principle, Judge Edenfield found that the plaintiff's service 110 days after filing the complaint related back to the complaint, making it timely filed. *Id. at 1323*.

The Court finds Judge Edenfield's analysis well- reasoned and persuasive, and, in the absence of any Eleventh Circuit authority, the Court would apply that analysis to this case. It is possible that the Eleventh Circuit has not been presented with or considered Judge Edenfield's approach. While the Court believes it a more reasoned analysis, unless and until the Eleventh Circuit adopts it, the Court is obligated to follow the Eleventh Circuit's decisions applying Georgia's regime to cases filed in federal court. See *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) ("A circuit court's decision binds the district courts sitting within its jurisdiction while a decision by the Supreme Court binds all circuit and district courts.").

*Id.* at \*5-6.

## B. <u>The District Court Abused Its Discretion by Granting Kroger's Motion to Dismiss Mrs. Jackson's Lawsuit With Prejudice for Failure to Perfect Service on Kroger</u>.

Relying on cases from the Eleventh Circuit interpreting Rule 4 of the Federal Rules of Civil Procedure regarding service, Mrs. Jackson second argument to the district court was a request for a dismissal without prejudice, should the court grant Kroger's motion to dismiss. However, the district court's order reflects that the court erred by giving no consideration to Rule 4 or Eleventh Circuit case law interpreting service of process, instead relying solely on Georgia case law.

In her opposition to Kroger's motion to dismiss, Mrs. Jackson correctly directed the district court to Rule 4 and Eleventh Circuit precedent addressing service of process.

Pursuant to Fed. R. Civ. P. 4, **"[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to plaintiff – must dismiss the action without**

**prejudice against defendant or order that service be made within a specified time."** While Plaintiff has served Defendant twice, once in the state court action, and a second time in this action, if this Court grants Defendant's motion to dismiss, it should be without prejudice.

In *Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x[.] 181, 182–83 (11th Cir. 2007), the court ruled that because Jackson failed to serve defendants properly, the case should have been dismissed without prejudice. The court further found that it was, therefore, improper for the district court to have reached the merits in this case and to have issued a dismissal with prejudice. (*Id*).

Here, Defendant acknowledges in its motion to dismiss that although Plaintiff filed the Complaint before the statute of limitations expired, she failed to perfect service on Defendant. Because federal law governing dismissals for lack of service are granted without prejudice, Defendant's motion to dismiss, if granted should be without prejudice.

(Doc. 17, Page 4-5).

### 1. A Dismissal With Prejudice Is An Extreme Sanction That Must Be Based On Evidence Of Willful Delay.

In *Jackson*, the Eleventh Circuit held that "[w]e review de novo a district court's interpretation of Rule 4 of the Federal Rules of Civil Procedure." *Jackson*, 259 Fed. Appx. 181 at 182, citing *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007). Consistent with Rule 4's explicit language, the Eleventh Circuit has been clear that a dismissal with prejudice is such an extreme sanction that it must be based on more than simple negligence.

A "dismissal *with prejudice*, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, 432 F.3d at 1337-*

*38* (emphasis in the original) (citation and quotation marks omitted). "A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal."

*Effs v. City of Miami*, 2021 U.S. App. LEXIS 38188 * (11th Cir. 2021).

In *Effs*, the Court also noted that a dismissal "is generally inappropriate and lesser sanctions are favored where neglect is plainly attributable to an attorney rather to a blameless client. *Id.* at *9; <u>see also</u> *Betty K Agencies*, 432 F.3d at 1338 ("the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable."). In *Effs*, the Court also noted that "once a case is removed to federal court, federal law governs matters of procedure related to personal jurisdiction and service of process." *Id.* at *10.

**C. <u>The District Court Abused Its Discretion by Denying Mrs. Jackson's Request for a Dismissal Without Prejudice by Refusing to Even Consider the Merits or Basis of this Request</u>.**

As an alternative to her request that Kroger's motion to dismiss be denied, or granted without prejudice, Mrs. Jackson's third and alternative argument to the district court was that she be granted, pursuant to Fed. R. Civ. P. 41(a)(2), a voluntary dismissal without prejudice to allow her to cure any issues with perfecting service on Kroger. (Doc. 17, Page 5).

Rule 41 governs dismissal of actions, including dismissals by a plaintiff without a court order, as set forth under Rule 41(a)(1)(A), and dismissal by court

order, as set forth in Rule 41(a)(2).  Here, Mrs. Jackson initially attempted to obtain the consent of Kroger to file a dismissal with "a stipulation of dismissal signed by all parties who have appeared" as permitted under Rule 41(a)(1)(A)(ii).  However, Kroger never responded to multiple requests for its consent to a stipulation of dismissal without prejudice.  (Doc. 17, Page 6, n. 1).

Mrs. Jackson also attempted to obtain a voluntary dismissal by court order pursuant to Rule 41(a)(2), which provides, in pertinent part, as follows: **"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper…."**  F. R. Civ. P. 41(a)(2). (emphasis added). This specific request for relief was made by Mrs. Jackson in her filing opposing Kroger's motion to dismiss.

Without considering the merits or basis of Mrs. Jackson request for a voluntary dismissal without prejudice, the district court ruled in a footnote that "her request within her 'opposition to a motion to dismiss [does] not constitute a 'motion' and thus [does] not comply with" Rule 7(b).  (Doc. 24, Page 4, n.2).  In denying Mrs. Jackson's request for a voluntary dismissal without prejudice, the district court cited *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018), but provided no explanation of *Newton's* applicability to the facts and circumstances of Mrs. Jackson lawsuit.  *Id.*

10

In *Newton*, the Eleventh Circuit held that a request to amend a complaint did not comport with the requirements of Rule 7(b). Here, although Mrs. Jackson's written pleading was not in the form of a "motion" it was consistent with the requirements of Rule 7(b) in that her request was made in writing, stated with particularity the grounds for her request for relief, and she set forth the specific relief she sought. <u>See</u> Fed. R. Civ. P. 7(b).

Notwithstanding the holding in *Newton*, which does not address a request pursuant to Rule 41(a)(2) for a dismissal without prejudice, the fact that Mrs. Jackson made her request for a dismissal without prejudice pursuant to Rule 41(a)(2) in the form of an alternative argument and request for relief in her pleading opposing Kroger's motion to dismiss does not warrant or justify the district court rejecting this argument and request without consideration. <u>See</u> *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citing *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967) and *Kotzen v. Levine*, 678 F.2d 140, 141, n.3 (11th Cir. 1983).

In *Potenberg*, a case relied upon by Mrs. Jackson in her written opposition to Kroger's motion to dismiss, the Eleventh Circuit adopted the reasoning of the *Durham* decision, where the Fifth Circuit held that the district court abused its discretion by dismissing a plaintiff's action with prejudice, and remanded the case back to the district court with instructions that "on proper motion the complaint may

be dismissed without prejudice on such terms and conditions as the court deems proper." *Potenberg*, 252 F.3d at 1256-1257. In *Potenberg*, the Court also rejected an argument that the plaintiff should not be granted a dismissal without prejudice because her filing was defective.

> Boston Scientific also argued that the district court should deem Pontenberg's notice of dismissal defective because she had failed to file a motion requesting that the court enter an order of dismissal as required by ***Rule 41(a)(2)***. The district court did not directly address this argument in its order, but treated Pontenberg's notice of dismissal as a motion. Boston Scientific does not raise this argument on appeal. We note, however, that a district court need not await a motion from a plaintiff to permit voluntary dismissal and may act sua sponte to dismiss under ***Rule 41(a)(2)***. *See Kotzen v. Levine, 678 F.2d 140, 141 n.3 (11th Cir. 1982)*.

*Potenberg*, 252 F.3d at 1256 n.1. (emphasis added).

In *Kotzen*, the Eleventh Circuit ruled that a district court did not abuse its discretion in dismissing a case without prejudice, although the defendant had moved for a directed verdict.

> Under the circumstances at issue here, the court may act sua sponte to dismiss under Rule 41(a)(2). It need not await a motion from the plaintiff to permit voluntary dismissal without prejudice. See 9 Wright & Miller, supra, s 2533, at 585 ("(T)he court has discretion, on its own motion, to grant a dismissal without prejudice."). Since the alternative to the court's action would be a directed verdict against plaintiffs on the merits, we assume that plaintiffs agree with the dismissal without prejudice.

*Kotzen*, 678 F.2d at 140, n.3.

12

1. <u>**The District Court Failed to Exercise Any Discretion by Refusing to Consider the Equities of Mrs. Jackson's Request for a Voluntary Dismissal Without Prejudice**</u>.

Mrs. Jackson relied on a litany of well-established precedent from the Eleventh Circuit holding that in most instances a dismissal without prejudice, where requested, should be granted based on principles of equity and fairness.

> Fed. R. Civ. P. 41(a)(2) provides that after an answer or motion for summary judgment has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless otherwise specified in the order, a dismissal under Rule 41(a)(2) is without prejudice. See *Manhattan Constr. Co. v. Phillips*, No. 1:09-CV-1917-WSD, 2012 WL 13001896, at *4 (N.D. Ga. Sept. 28, 2012).

> District courts have broad discretion to determine whether to allow a voluntary dismissal under Rule 41(a)(2), although **in most instances, a dismissal without prejudice should be granted "unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result**." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856–57 (11th Cir. 1986)). "**In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case**. *Manhattan Constr. Co.*, at *4. Furthermore, "[t]he prospect of a second lawsuit on the same set of facts" is not sufficient legal prejudice to the defendant to justify denying a plaintiff's motion to dismiss without prejudice. *McCants*, 781 F.2d at 859.

(Doc. 17, Pages 5-6). (emphasis added).

In *McCants*, the Eleventh Circuit ruled that "the likelihood that a dismissal without prejudice will deny the defendant a statute of limitations defense does not constitute plain legal prejudice and hence should not alone preclude such a

13

dismissal" and thus "the loss of a valid statute of limitations defense" is not a bar to dismissal without prejudice. *McCants*, 781 F.2d at 858-859. In *McCants*, the Court remanded a case for reconsideration without prejudice of a dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) where there was nothing in the record or in the district court's order which allowed the appellate court to ascertain whether the district court properly exercised its discretion." *Id.* at 861.

Mrs. Jackson argued in her opposition to Kroger's motion to dismiss that Kroger had refused to stipulate to a dismissal without prejudice; that Kroger would not suffer any legal prejudice other than a subsequent lawsuit; and that Kroger's motion to dismiss was seeking an extreme sanction of a dismissal with prejudice. (Doc. 17, Pages 7-8). Mrs. Jackson's opposition to Kroger's motion to dismiss included the following argument and request for relief to the district court.

> Because this Court has broad discretion to allow dismissal under Rule 41(a)(2) and the Defendant has not suffered any legal prejudice, the Court should grant Plaintiff's motion to voluntarily dismiss this action pursuant to Rule 41(a)(2). This would allow plaintiff to correct any issue regarding service and refile suit under Georgia's renewal statute under O.C.G.A. § 9-2-61.

In *Hobbs v. Arthur Dinkins*, 264 Ga. 359 (1994), the Georgia Supreme Court considered two consolidated cases on appeal, both of which involved original lawsuits where motions were filed challenging service of process. In both cases, the plaintiffs voluntarily dismissed their original lawsuits, prior to a ruling from the trial court regarding sufficiency of service of process, but subsequently filed renewed

14

lawsuits pursuant to O.C.G.A. § 9-2-61(a). Georgia's renewal statute provides, in

pertinent part, as follows:

> When any case has been commenced in either a state or federal
> court within the applicable statute of limitations and the plaintiff
> discontinues or dismisses the same, it may be recommenced in a court
> of this state or in federal court either within the original applicable
> statute of limitations or within six months after the dismissal,
> whichever is later….O.C.G.A. § 9-2-61(a).

In *Hobbs*, the Supreme Court ruled that "the renewal statute is remedial in

nature" and "is construed liberally to allow renewal where suit is disposed of on any

ground not affecting the merits." *Hobbs*, 264 at 360 (citations omitted). The

Supreme Court explained the distinction between a "void" and "voidable" lawsuit

and held that ""[t]he privilege of dismissal and renewal does not apply to cases

decided on their merits or to void cases, but does allow renewal if the previous action

was merely voidable."" *Id.* (citations omitted).

> The original suit is void if service was never perfected, since the
> filing of a complaint without perfecting service does not constitute a
> pending suit. A suit is also void and incapable of renewal under OCGA
> § 9–2–61(a) if there has been a judicial determination that dismissal is
> authorized. However, unless and until the trial court enters an order
> dismissing a valid action, it is merely voidable and not void.

> The renewal suit is an action *de novo*. As such, the procedural
> prerequisites of filing the renewed complaint and service of process
> must be met anew. Unless the case is an absolute nullity, the defective
> or improper suit may be used to nurse the cause of action into full life
> in the proper form and forum. Defenses which are raised in the renewal
> action will be adjudicated only with respect to that which occurred
> subsequent to refiling.

15

*Id.* (citations omitted).

Having perfected service upon Kroger, Mrs. Jackson's request for a voluntary dismissal without prejudice, if granted by the district court, would have allowed her the privilege of refiling her lawsuit pursuant to O.C.G.A. § 9-2-61(a) and consistent with the Georgia Supreme Court's holding in *Hobbs*.  Instead, by removing Mrs. Jackson's case to federal court, Kroger prevented her from voluntarily dismissing her action without a court order from the district court.  Had her lawsuit remained in state court, Mrs. Jackson would have been allowed to voluntarily dismiss her case without a court order.   See O.C.G.A. § 9-11-41(a)(1)(A) (allowing plaintiff to dismiss their action in state court without order or permission of the court "[b]y filing a written notice of dismissal at any time before the first witness is sworn.").

> **WHEREFORE**, for the reasons shown above, and for any other reasons the Court deems just and fair, Plaintiff requests this Court deny Defendant's motion to dismiss, or if it should grant Defendant's motion to dismiss, it be without prejudice. In the alternative, Plaintiff is requesting that the Court allow Plaintiff to voluntarily dismiss her Complaint pursuant to Rule 41(a)(2).

(Doc. 17, Page 8).  (emphasis in original).

## CONCLUSION

 For the above stated reasons, this Court should reverse the district court's order granting Kroger's motion to dismiss and remand this case for further proceedings.

16

This 20th day of November, 2023.

/s/ Robert Kenner, Jr.
Robert Kenner, Jr.
Georgia Bar No.415028
Attorney for Plaintiff

THE BARRISTER BUILDING
3992 Redan Road
Stone Mountain, Georgia 30083-4741
(404) 292-9997 Office
(404) 292-9998 Fax
robert@robertkennerjrlaw.com

/s/ Erin S. Coleman
Erin S. Coleman
Georgia Bar No. 905783
Attorney for Plaintiff

Erin Shantelle Coleman
3400 Chapel Hill Road Suite 219
Douglasville, Georgia 30135
(470) 856-2766 Office
(678) 436-8845 Fax
erin@colemanesq.com

17

## **CERTIFICATE OF COMPLIANCE**

Pursuant to the Federal Rules of Appellate Procedure 32(g)(1), I certify that this brief complies with the applicable type-volume limitation.  According to the word count in Microsoft Word, there are 5,721 words in this brief.  I further certify that this brief complies with the typeface of Rule 32(a)(6) since the brief has been prepared in a proportionately spaced typeface in 14-point Times New Roman font.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this date the undersigned filed a true and correct copy of the foregoing **BRIEF OF APPELLANT** with the Clerk of Court via the Court's CM/ECF system and served all parties of record via electronic service to:

Matthew G. Moffett
Sarah Raquel L. Lisle
Alexander D. Perwich III
GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, L.L.P.
950 East Paces Ferry Road, NE, Suite 1700
Atlanta, Georgia 30326
*Counsel for Defendant The Kroger Co.*

This the 20th day of November, 2023.

/s/ Robert Kenner, Jr.
Robert Kenner, Jr.
Georgia Bar No.415028
Attorney for Plaintiff

THE BARRISTER BUILDING
3992 Redan Road
Stone Mountain, Georgia 30083-4741
(404) 292-9997 Office
(404) 292-9998 Fax
robert@robertkennerjrlaw.com